ALDINE PRINTING COMPANY, Plaintiff, *v.* NATIONAL DELIVERY ASSOCIATION, INC., Defendant.

City Court of New York, New York County, December 16, 1931.

*Louis J. Greenburg,* for the plaintiff.

*Nathan S. Zucker,* for the defendant.

RYAN, J.   Plaintiff printed for one Gillespie certain publications intended to be sold at the Yorktown Sesquicentennial Celebration. Gillespie agreed to pay plaintiff therefor $1,700 from the first moneys realized from the sale of said publications at the grounds of said celebration.   The defendant by contract between it and Gillespie undertook to transport said publications from the place of business of the plaintiff to said grounds.   It failed to do so.   This action is brought to recover $1,700 damages caused plaintiff by defendant's breach of its contract with Gillespie.   The plaintiff also alleges that the agreement of transportation was made partly for the benefit of plaintiff and for the sake, too, of plaintiff in order to procure the moneys necessary to pay plaintiff for said printing.   There is further allegation that the defendant knew that the agreement for transportation was entered into by the defendant and Gillespie also for the benefit of the plaintiff and that the defendant knew or should have known that plaintiff was interested in the performance by defendant of its undertaking.

The defendant moves to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

Plaintiff's right to recovery depends upon the existence of an obligation on the part of the defendant of which plaintiff may avail itself. From a careful consideration of the facts pleaded it may not be said that the contract of transportation was made for plaintiff's benefit and that plaintiff was intended to be benefited thereby. True, transportation as contracted for would have enabled Gillespie to more readily pay plaintiff; but I do not agree with plaintiff that such contract was made for its benefit so that it became privy thereto. Counsel has not cited the court to any case of similar facts, nor has research by the court revealed any where an action was permitted. Plaintiff particularly refers to *Glanzer* v. *Shepard* (233 N. Y. 236). That case is factually different. There the defendants were public weighers. At the request of the sellers of a commodity the defendants weighed same and furnished the buyer, the plaintiff, with a copy of their certificate. Defendants knew that the plaintiff in purchasing relied upon the statements contained in the certificate. It was made and sent to the plaintiffs to induce their action. The ruling in that case rested upon the breach of a duty undertaken and improperly performed rather than upon a contractual breach. Motion is granted and complaint dismissed. Order signed.